## R. H. THORPE v. THE STATE.

### No. 1888.    Decided March 27, 1899.

**1.  Swindling—Constituents of.**

The indictment must allege in every case of swindling, and the evidence must show, that the injured party was induced to part with his property by means of the false pretenses.  See opinion for evidence held insufficient to support a conviction for swindling.

**2.  Jury Law—New Trial—Misconduct of Jury—Discussing Defendant's Failure to Testify.**

Under provisions of article 770, Code of Criminal Procedure, a jury have violated the law, both in letter and in spirit, when, after their retirement to consider of their verdict, they discuss, allude to, or comment upon the fact that defendant failed to testify as a witness. And such misconduct is both ground for new trial in the court below and constitutes reversible error on appeal.  Following Wilson v. State, 39 Texas Criminal Reports, 365; Tate v. State, 38 Texas Criminal Reports, 261.

APPEAL from the County Court of Grayson.   Tried below before Hon. J. D. WOODS.

Appeal from a conviction for swindling, as to property under $50 in value; penalty, a fine of $5 and ten days imprisonment in the county jail.

The opinion states the case.

*Maxy & Vowell,* for appellant.——An essential element of the offense of swindling is that the party injured in parting with his property actually relied upon, and was deceived by the fraudulent representations or devices of the party accused; and they must be the cause which induced the owner to part with his property.   Buckalew v. State, 11 Texas Crim. App., 352; Blum v. State, 20 Texas Crim. App., 578.

As to misconduct of the jury:   Code Crim. Proc., art. 770; Tate v. State, 38 Texas Crim. Rep., 261; Wilson v. State, 39 Texas Crim. Rep., 365.

*Robt. A. John,* Assistant Attorney-General, for the State

BROOKS, JUDGE.——Appellant was convicted of swindling of property under the value of $50, and his punishment assessed at confinement in the county jail for ten days and a fine of $5, and he appeals.

Appellant's first two grounds of his motion for new trial are:   (1) Because the court erred in failing to give his special charge to the effect that the evidence was not sufficient to sustain the charge, and instructing the jury to find defendant not guilty; (2) because the evidence is wholly insufficient to sustain the verdict of the jury.

R. L. McAfee testified for the State, in substance:   "About February 4, 1899, in Grayson County, defendant came to me, and asked me to lend him $5.   He then owed me $5; and I said to him, 'You owe me $5 already.'   He said, 'Let me have $5 more, and I will give you a check for $10.'   I said to him, 'I think you are a short horse, and I don't believe you have a cent in the bank.'   Defendant said:   'Mr. McAfee, you

ought not to talk to me that way. If I did not have the money I would not say so.' I then said: 'Well, all right; if you tell me you have the money in the bank, I will let you have $5, if you will give me a check for $10.' I gave him the $5, and said, 'Now, Thorpe, I have given you this $5, but I don't believe you have a cent in the bank; but I will give you that much to catch you, and, if you haven't this money in the bank, I will catch you and prosecute you.' I wrote the check, and defendant signed it, and I gave him the $5."

The only other evidence introduced was that of the witness F. A. Batsell, who testified that he was the teller of the Merchants and Planters National Bank, on whom appellant drew the check, and that, at the time appellant gave the check to McAfee, he did not have then, and has never had, any money on deposit in said bank.

The court, in his charge to the jury, very clearly and succinctly lays down the necessary things to constitute swindling: "(1) The intent to defraud; (2) an actual act of fraud committed; (3) false pretenses; and (4) the fraud must be committed or accomplished by means of the false pretenses made use of for the purpose,—that is, they must be the cause which induced the owner to part with his property. An essential element of the offense of swindling is that the party injured must have relied upon, believed as true, and been deceived by, the fraudulent representations or devices of the party accused." Applying this definition to the facts above stated, candor forces us to say that the evidence does not make out a case of swindling, since the evidence fails wholly to show that the prosecuting witness believed or relied upon the statements of appellant that he had money in the Merchants and Planters National Bank, and the prosecuting witness explicitly told appellant that he did not believe he had a cent in the bank; that he (witness) would give appellant $5 to catch him, and, if appellant had no money in the bank, witness would catch him and prosecute him. If the prosecuting witness had relied upon the statements of appellant that he had money in the bank, we can not see why he should have made the threat against appellant indicated by the evidence; and when he expressly states that he did not believe appellant, and did not believe that appellant had the money, surely this statement precludes the idea that the prosecuting witness was induced to part with his money by the false representations of the appellant. The indictment must allege, in every case of swindling, and the evidence must show, that the injured party was induced to part with his property by means of the false pretenses; otherwise, it is not swindling. We do not think the evidence supports the conviction. See Buckalew v. State, 11 Texas Crim. App., 352; Mathena v. State, 15 Texas Crim. App., 473; Moore v. State, 20 Texas Crim. App., 233; Blum v. State, Id., 578.

Appellant's third ground of his motion for new trial complains of the misconduct of the jury in discussing the defendant's failure to testify. In support of this contention, appellant attached to his motion several affidavits. That of Henry Strong, one of the jurors, is, in substance, as follows: "That while the jury was deliberating and discussing the

case, before they had reached a verdict, the fact that defendant did not testify was mentioned and discussed by several members of the jury. Affiant can not give the names of the jurors who so mentioned the matter, but says the following, in substance, was stated by one or more members of the jury, to wit: That defendant had the privilege of testifying in his own behalf, and, if he had any explanation of the transaction in which he gave the check, he ought to have taken the witness stand and testified. To this some other juror replied that his counsel was too sharp for that. And this affiant then said that it was not proper for the jury to discuss the failure of defendant to testify, and that it would invalidate the verdict. To which one of the jurors replied that he did not believe it, and, after this occurred, the fact of defendant's failure to testify was further mentioned and discussed." The affidavit of W. A. James is also attached, in substance: "That after the jury had considered the case for awhile, and failed to agree on a verdict, some members of the jury said, in substance, that defendant had the privilege of testifying in his own behalf, if he had desired to explain about giving the check; that, when this matter was mentioned, some of the other members of the jury said that the jury had no right to discuss defendant's failure to testify, whereupon some other members of the jury took the position that the jury did have the right to discuss defendant's failure to testify." The State filed the affidavit of W. C. Eads, W. A. James, G. W. Burke, J. F. Smith, Henry Strong, and G. W. Stubblefield, for the purpose of controverting the affidavits filed by appellant, in effect as follows: "The question of whether the jury had a right to discuss the defendant's failure to testify was mentioned and discussed by W. C. Eads and Henry Strong. Mr. Eads took the position that the jury had a right to discuss the fact of defendant not testifying, and Mr. Strong taking the position that the jury had no such right. This is about all that was said, except some one of the jury remarked that defendant could have told something. The substance of the statement was that he had the privilege of telling that, if he wanted to. Before, however, there was a word mentioned about the jury having the right to discuss the matter, the jury had taken a vote on the question of defendant's guilt, and the jury stood five for conviction and one for acquittal; the one standing for acquittal being Henry Strong, who said that the jury had no right to discuss the question of defendant's failure to testify. The discussion of this matter, nor anything mentioned in connection with defendant's failure to testify, nor anything said in reference to the jury having the right to discuss the question of defendant's failure to testify, had any influence upon our verdict, nor any upon our opinion in the matter whatever; but we arrived at our opinion of the defendant's guilt, and at our verdict, without being influenced a particle by any statement or remark whatever in regard to defendant's failure to testify, or the jury having the right to discuss it." On the hearing of the motion, the juror Henry Strong was introduced, and testified, in substance, as stated in his first affidavit, save and except he states that, when he signed the affidavit for the State, he

told Mr. Hare, the prosecuting attorney, that the affidavit he signed for defendant was correct, and called his attention to some points of difference between the affidavit signed for the State and the first affidavit he made for the defendant. The juror W. C. Eads, in the affidavit made subsequent to the one wherein he joins the other jurors, makes this statement: "That the question of whether the jury had a right to discuss the failure of the defendant to testify came up, and was talked about. Some took the position that the jury had such right, and others that they did not." We have repeatedly held that the fact that the prosecuting attorney comments on or alludes to the fact of the defendant's failure to testify would operate a reversal of the case. Article 770 of the Code of Criminal Procedure reads: "Any defendant in a criminal case shall be permitted to testify in his own behalf therein; but the failure of any defendant to so testify shall not be taken as a circumstance against him; nor shall the same be alluded to or commented upon by the counsel in the case." We think this statute means what it says, and where a jury, as in this case, comments upon the fact, and alludes to the fact that appellant did not testify, we think they have violated the letter and spirit of this statute. In this case we think the jury used the fact of the defendant's failure to testify as a strong and potent circumstance against him. This fact is made more apparent to our minds by recalling the further fact that the prosecuting witness had explicitly stated that he was not deceived by appellant's false statement, and yet the jury commented upon and alluded to the fact of his failure to testify; and we have the spectacle of one juror proposing to bet another that it was wrong to allude to the fact of appellant not testifying. It is furthermore developed by this record that the jury had not agreed upon a verdict, but stood five to one, at the time this discussion commenced, and subsequently they agreed upon a verdict. We think the misconduct of the jury in the matter complained of entitled appellant to a new trial in the court below. Wilson v. State, 39 Texas Crim. Rep., 365; Tate v. State, 38 Texas Crim. Rep., 261. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.