JOHN PENN v. THE STATE.

No. 2269.  Decided April 30, 1902.

1.—Local Option—Ignorance or Mistake of Fact as to Character of Liquor, No Excuse.

When local option is in force, those who sell liquor must, at their peril, know whether the same is intoxicating, and if the same be intoxicating, though defendant may be ignorant of that fact, he is nevertheless guilty of a violation of the law.

2.—Evidence Sufficient, When.

If there is sufficient evidence to sustain a verdict, the verdict will be sustained although the evidence offered by defendant may preponderate.

Appeal from the County Court of Bell.  Tried below before Hon. G. M. Felts, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $100 and twenty days imprisonment in the county jail.

The opinion states the case.

No brief for appellant found with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was charged by complaint and information with violating the local option law, in school district No. 64, Bell County. The complaint contains four counts: the first charging an unlawful sale in said precinct to A. J. Lewellen and D. E. Huddleston; the second charging appellant with unlawfully engaging in the occupation of selling malt liquors without paying an occupation tax;

the third charging an unlawful sale of intoxicating liquors in said district to A. J. Lewellen; and the fourth charging an unlawful sale to D. E. Huddleston. The information presents the charge of selling to Huddleston and Lewellen jointly; and the charge of selling Lewellen separately. The precinct is set out by metes and bounds. The charge of the court limits the prosecution to the first count. The statement of facts shows that local option has been in existence in said school district No. 64 from November 12, 1896; that the election was duly and legally held, and that the result was duly and legally declared; that subsequent to that date Lewellen and Huddleston, to wit, on May 28, 1900, bought and drank six or eight bottles of hop ale from appellant in his place of business in said precinct, and that the same intoxicated them. The State also proved that hop ale had been sold to other parties, and that it intoxicated them. The defendant proved by a number of parties that they had bought this liquor, and it did not intoxicate them. Defendant also proved by John Henderson, who was an employe and agent of the Anheuser-Busch Association, that hop ale only contained a small per cent of alcohol, about one-fourth the alcoholic quantities of beer, and that it was not sufficient to produce intoxication when drank in reasonable amounts. Appellant testified that he purchased the hop ale believing it was nonintoxicating and sold it under that belief.

There is no bill of exceptions in the record. Appellant asked the court to give the following charge: "If you believe from the evidence that defendant did sell hop ale, and you further believe that hop ale was intoxicating, yet if you believe from the evidence that at the time he did sell the hop ale as charged, defendant did not know it was intoxicating liquor, but believed it was not, and laboring under such mistake of fact he sold it, and that mistake of fact did not arise from want of proper care on the part of defendant, you will acquit him." We have repeatedly held that where local option is in force, those who sell liquor must at their peril know whether the same is intoxicating, and if the same be intoxicating, no matter if appellant is ignorant of this, he is deemed guilty of selling intoxicating liquor in violation of the law. The last enunciation of this court upon the question is McDaniel v. State, 3 Texas Court Reporter, 783, 65 Southwestern Reporter, 1068. And for other authorities, see Petteway v. State, 36 Texas Crim. Rep., 96; Phillips v. State, 29 Texas, 236; Pike v. State, 40 Texas Crim. Rep., 614; Allen v. State, 1 Texas Ct. Rep., 104, 59 S. W. Rep., 264.

Appellant further insists in his motion for new trial that there is no valid petition asking for the local option election. The statement of facts shows that appellant admitted there was legal and valid election, and that prohibition was in effect at the time of the sale. This disposes of this objection.

The only remaining question is the sufficiency of the evidence. This is a question peculiarly within the province of the jury. The evidence for the State is sufficient to sustain the conviction; while the evidence

.offered by the defendant preponderates, it would not authorize us to pass upon the weight of the same. The rule is, if there is sufficient evidence to sustain the verdict, it will be sustained. Johnson v. State, 4 Texas Ct. Rep., 87.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*