## R. L. Baxter v. The State.

No. 3553. Decided June 5, 1907.

**1.—Swindling—Indictment—Deceit—Injury—Benefit—Statutes Construed.**

In a prosecution for swindling where it appeared that defendant had executed a certain note to the party alleged to have been injured and obtained money thereon by means of false and deceitful pretenses and fraudulent representation, it was not necessary under article 946, Penal Code, to allege that any benefit accrued to the defendant or injury to the person intended to be defrauded.

**2.—Same—Current Money—United States Treasury Notes—Variance—Statutes Construed.**

In a prosecution for swindling where the indictment alleged current money, proof that such money consisted of national bank notes constituted no variance under article 945, Penal Code.

**3.—Same—Indictment—Fraudulent Pretense—Basis for Swindling—In Futuro.**

Where in a prosecution for swindling the indictment alleged as a basis for said offense defendant's false statement about the ownership of certain land, whereby he obtained certain money, an allegation in said indictment that defendant intended to pay off a certain contract for cattle with the money so obtained was immaterial as it was in futuro and not necessary to be proved.

Appeal from the District Court of Mason. Tried below before the Hon. Clarence Martin.

Appeal from a conviction for swindling of money over the value of $50; penalty two years imprisonment in the penitentiary.

The opinion states the case.

*Moursund & Moursund,* for appellant.—On question of fraudulent intent: Curtis v. State, 31 Texas Crim. Rep., 39; Faulk v. State, 38 Texas Crim. Rep., 77; Harris v. State, 29 Texas Crim. App., 102; Minter v. State, 26 Texas Crim. App., 218.

*F. J. MCord,* Assistant Attorney-General, for the State.—On question of sufficiency of indictment: Blum v. State, 20 Texas Crim. App., 578. On question of character of money: Lewis v. State, 28 Texas Crim. App., 140. On question of false pretenses alleged in indictment:

Hardin v. State, 25 Texas Crim. App., 74; Curtis v. State, 31 Texas Crim. Rep., 39.

BROOKS, JUDGE.—Appellant was convicted of swindling the German National Bank of $1,000, and his punishment assessed at two years confinement in the penitentiary. The facts in the case show, in substance, that appellant went to the bank, in company with one Medders, and made the statement that he and Medders each owned four sections of land in McCulloch County, Texas; that they were both solvent, and that he had a cattle contract with one Martin, and that on the faith of his solvency and possession of said land by the parties, the bank loaned appellant the money, as stated. Appellant and said Medders executed to the bank a note for said $1,000 less the interest for thirty days, which money was deposited to the credit of appellant in the bank, and was drawn out of the bank by checks from time to time by appellant. The facts show, as a matter of fact, neither appellant nor Medders, the man who signed the note with him, owned four sections of land apiece, and that appellant merely owned 160 acres of land, which was his homestead, upon which a lien existed for the purchase price.

Appellant insists the indictment is defective, because it does not allege that the note had ever been paid. This is not a necessary allegation in an indictment for swindling, since article 946 provides that it is not necessary in order to constitute the offense that any benefit accrue to the party guilty of the fraud or deceit or injury to the person intended to be defrauded.

In his motion for a new trial appellant complains that the court erred in not charging the jury that the bill of indictment having alleged current money, that the State had to prove that it was metallic money or United States Treasury notes, and that if the money that was advanced was national bank notes, that it was a variance between the allegation and proof. Article 945, Penal Code, provides: "Within the meaning of money as used in this chapter are included also bank bills or other circulating medium current as money." The indictment alleges current money. We hold that same would include national bank bills as well as United States Treasury notes. See Lewis v. State, 28 Texas Crim. App., 140.

Appellant further complains in his motion for a new trial that the bill of indictment having alleged that the appellant at the time he procured the money, also stated that he had a contract with one Martin to deliver some cattle; that this being one of the pretenses alleged in the bill of indictment, that the failure to prove this pretense entitled the defendant to a verdict of not guilty, as said pretense was embraced in the same count as the other pretenses set up, and the court erred in not submitting this issue to the jury. There is nothing in this contention. By reading the indictment it will be clearly seen that the false pretenses stated and specifically relied upon

Vol. 51 Crim.—37.

in the indictment as a basis for swindling are the false statements about the ownership of the four sections of land. Furthermore, if the indictment should charge this as a basis for swindling, it would be something in futuro, and hence would not be a basis for a prosecution. It would, therefore, follow, being something to be done in futuro, the court did not err in charging upon this basis for false pretense; a careful reading of the indictment shows that this criticism upon same is hypercritical, and that the real basis for the prosecution was the possession and ownership of the property at the time the money was obtained. The charge of the court is a proper presentation of all the law applicable to the facts of this case, and finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing refused at Tyler, October 30, 1907, without written opinion.—Reporter.]