(129 So. 707)

## PIRKLE v. STATE.
### 4 Div. 679.

Court of Appeals of Alabama.
June 24, 1930.

Rehearing Dismissed Aug. 19, 1930.

Simmons & Simmons, of Opp, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**RICE, J.**

The indictment in this case, omitting formal parts, was in the following language:

"The Grand Jury of said County charge that before the finding of this indictment that Joe Pirkle did falsely pretend to S. D. Fuller, who was at that time Vice-President of the Bank of New Brocton and acting as such, with intent to defraud, that he the said Pirkle, owned a certain mule and wagon, and by means of such false pretense, obtained from the said Bank of New Brocton, to-wit, Seventy Dollars.

"Against the peace and dignity of the State of Alabama."

To sustain these allegations, there was testimony offered on behalf of the state tending to show that appellant approached the said Fuller, and stated that he (appellant) desired to purchase some fertilizer; that Fuller, who was interested in the company from whom the fertilizer was to be obtained, and who was also the vice president of the Bank of New Brocton, stated to him, in substance, that the fertilizer was only sold for cash, but that if he had proper security, the bank would lend him the money, etc.; that thereupon appellant exhibited the mule and wagon, referred to, to Fuller, stating that he (appellant) owned them; that upon the strength of this statement, the bank lent appellant the sum of money required, the whole transaction being that appellant, there in the bank, executed a mortgage to it on the said mule and wagon, whereupon a "deposit slip" was made out by the cashier, and delivered to appellant, he, immediately, drawing his check in favor of the fertilizer company, referred to, which check was paid by the bank; that the said mule and wagon did not belong to appellant, but to another.

We hold that this was a sufficient "obtaining from the bank" of the *money* mentioned in the indictment, and that hence there was no error in refusing to give, at appellant's request, the general affirmative charge in his favor.

No other question, worthy of comment, is apparent.

The judgment of conviction is affirmed.

Affirmed.