### J. H. MOWREY v. THE STATE.

No. 15298.   Delivered December 7, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 816.

The opinion states the case.

*Williams & Bell,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Misdemeanor swindling is the offense; punishment assessed at a fine of $200.

The facts in brief are as follows: The County Commissioners Court of Childress county employed a committee composed of appellant and one Trueblood to purchase a right of way from Childress north to Collingsworth county. By an order of said commissioners' court the appellant and the said Trueblood were instructed and authorized to secure the deeds for said right of way from the proper owners along same and report same to the court and further provided that said right of way would be paid for by the court when the report of said committee had been approved. Subsequent to their appointment, the appellant and the said Trueblood made the following report to the commissioners' court: "We, your committee appointed by you to procure by purchase the right of way for state highway No. 4, beg to make this partial report: Deeds executed and delivered hereto: I. S. Heath and wife — Consideration $1020.00." Said report was signed by the appellant and True-

blood. It seems that a deed executed by I. S. Heath and wife conveying said right of way through their property to Childress county in a consideration of $1020.00 accompanied said report. By an order of the commissioners' court it is shown that the report was approved and affirmed by the court and the clerk of said court was directed to issue a warrant on the Highway Bond Fund to the party above named for the amount above stated. Several commissioners testified that if they had known prior to the time that they ordered said warrant issued to the said Heath and wife that all of the $1020 was not going to Heath for consideration of payment for his right of way and that this amount had been agreed upon between Heath and the highway committee they would not have approved the report. It was shown by the witness I. S. Heath that he was approached by the appellant and Trueblood for the purchase of said right of way and it was finally agreed between them that he would receive for said right of way the sum of $1,000 and that he understood that the thousand dollars was to cover any damages that he should sustain by the right of way and at the time he executed said deed he knew that the amount had been increased from $1,000 to $1,020 and he did not remember just the words the appellant said with reference to what this extra $20 represented. He further testified that the $20 was not part of the amount he was to receive as consideration for the taking of the land and damages to his farm by the right of way. That the appellant told him that the $20 was for expenses and at the time the warrant for $1,020 was delivered to him he executed and delivered to the appellant his personal check in the sum of $20.

There was no issue made as to the fact that the appellant had cashed said $20 check received by him from Heath. The appellant did not testify or offer any evidence.

Appellant moved to quash the indictment upon a number of grounds. Among said grounds was that the indictment was insufficient in that it failed to allege that the land conveyed to the county of Childress by the deed of I. S. Heath and wife described in said indictment was of no value and was not of the value of $1,020, the consideration recited in said deed, and it does not in fact allege that the county of Childress did not receive full value for the warrant so issued to I. S. Heath; that said indictment was further insufficient in law, in that it wholly fails to inform the defendant in what particular he defrauded Childress county or the commissioners' court of said county; that said allegations are wholly insufficient to show any scheme

or device perpetrated by the defendant against the said county or commissioners' court; that said indictment is insufficient, in that it is contradictory in its statement and alleges that said sum of $20 was received by the defendant from Childress county, and also alleges that the said sum was received by the defendant from I. S. Heath.

As to the objection made that the indictment failed to allege that the land conveyed by Heath and wife to the county was not of the value of the consideration cited in said deed and that the county of Childress did not receive full value in property for its warrant so issued to I. S. Heath, article 1548 of the Penal Code provides that it is not necessary, in order to constitute the offense of swindling, that any benefit shall accrue to the person guilty of the fraud or deceit, nor that any injury should result to the person intended to be defrauded, if it is sufficiently apparent that there was a wilful design to receive benefit or cause an injury. It has been held by this court that it is immaterial that any benefit accrue to the person guilty of the fraud, or that any injury shall result to the person intended to be defrauded, the intent of the accused being shown. La-Moyne v. State, 53 Texas Crim. Rep., 221, 111 S. W., 950; Baxter v. State, 51 Texas Crim. Rep., 576, 105 S. W., 195. We will now consider as to whether the indictment as a whole is sufficient to set out the offense of swindling. Our statute provides that the offense shall be set forth in plain and intelligible words. Article 396, C. C. P. Further, it is provided by statute that everything shall be stated in the indictment which is necessary to prove. Article 397, C. C. P. Article 405, C. C. P., provides: "An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court on conviction, to pronounce the proper judgment." In the case of Whitley v. State, 90 Texas Crim. Rep., 503, in an opinion by Judge Lattimore, the following was laid down as to what is necessary to be proven to make out a case of swindling: "To make out a case of swindling the injured party must be induced to part with his property by false pretenses and representations made for such purpose. Blum v. State, 20 Texas App., 592; Allen v. State, 16 Texas App., 150. It must be shown that the false pretense set out in the indictment was not only made, but that it was relied on by the in-

jured party, and was the inducement that moved such person to part with his property. Thorp v. State, 40 Texas Crim. Rep., 346; Hunter v. State, 46 Texas Crim. Rep., 498; Doxey v. State, 47 Texas Crim. Rep., 503, 505. The false pretense charged must also be proved as laid. Marwilsky v. State, 9 Texas App., 377; Dechard v. State (Texas Crim. App.), 57 S. W., 814. It has also been held that not only must the injured party have been induced to part with his property by means of the alleged false pretense, but that such pretense must have been such as was reasonable calculated to induce the owner to part with such property. Cowan v. State, 41 Texas Crim. Rep., 617; Peckham v. State (Texas Crim. App.), 28 S. W., 532."

The indictment occupies about seven pages of the transcript and its length precludes a verbatim reproduction here. It in effect alleges that the appellant, devising and intending to unlawfully acquire $20 in money of the value of $20, did then and there, with intent to defraud, obtain said money, the same being the personal property of Childress county, with the intent to appropriate the same when so acquired to the use and benefit of the appellant, and the same was so obtained and acquired from said Childress county, the owner of said money, by the means of false and fraudulent representations, pretenses, and devises, knowingly and fraudulently made by him to the commissioners' court of Childress county, Tex., which said false and fraudulent representations, pretenses, and devises were calculated to and did induce the said Childress county to depart with the title and possession of said money and the appellant so acquired said money with the intent to deprive the said Childress county of the value of the same and said money was so acquired by said appellant by the means of said false representations, pretenses, and devices in the following manner: That the appellant had theretofore been employed by the commissioners' court of Childress county to enter into an oral agreement with I. S. Heath as to the purchase price of a certain piece of land described in a deed from I. S. Heath and wife to W. B. Howard, county judge of Childress county, Tex., said purchase price to be subject to the approval of the commissioners' court, and the said appellant did falsely and fraudulently represent to the commissioners' court that appellant had agreed with the said Heath upon the purchase price of $1020 for said land and presented to said commissioners' court the deed of the said I. S. Heath and wife to said land (said deed then follows in full), and by reason thereof of said false and fraudulent representations did cause and induce the commissioners' court to cause to be issued to

said I. S. Heath a warrant on the county treasury for the sum of $1020. (Said warrant then follows in full). It further alleges that the said Heath did then and there deliver to the said appellant his personal check in the sum of $20, which said check represented $20 of the proceeds of the said $1020 warrant received by the said Heath. (Said check from Heath to the appellant then follows in full). It further alleges that the appellant acquired said money by the means aforesaid and by reason of his false and fraudulent representations, pretenses, and devices made to the commissioners court of Childress county, which were false, and the appellant knew the same to be false when he made same. The indictment further alleges the truth to be that the appellant had not agreed with the said Heath upon the purchase price of $1,020, but had agreed with the said Heath upon the purchase price of $1,000 for said land and said false representations, pretenses, and devices were made by appellant for the purpose of obtaining possession and title to said $20 and said false and fraudulent representations, pretenses, and devices did cause and induce said Childress county to part with the title and possession of said $20. The indictment further alleges that the said appellant appropriated same to his use and benefit.

We think the indictment sufficient under the authorities of this court, and the motion to quash same was properly overruled.

By bill of exception, it is shown that objection was made to questions propounded to the members of the commissioners' court and their testimony to the effect that if they had known that all of the money paid out was not going to pay for the right of way and damages done to Heath that they would not have approved the report and issued an order directing the clerk to issue a warrant for the $1,020. The objection to this testimony was that said report with the deed attached thereto had been approved by an order and judgment of the commissioners' court of Childress county and said order had not been set aside, revoked, or repealed and was a valid and binding judgment of said court in connection with matters of which it had jurisdiction, and the question asked constituted an attack upon the validity of the judgment of the commissioners' court upon a collateral proceeding, and a charge of swindling could not be predicated upon a judgment of a court of competent jurisdiction. In support of said contention, the appellant cites the case of Hunter v. State, 46 Texas Crim. Rep., 498, 81 S. W.,

730. We do not think the said case is in point under the facts of this case.

In this case, however, the false representations were made directly to the commissioners' court and it was necessary to show that the false pretenses set out in the indictment were not only made but that they were relied on by the commissioners' court and was the inducement that moved the members of said court to order the warrant drawn for the sum of $1,020. It was so alleged in the indictment and it was necessary to prove the false. pretenses charged as alleged in said indictment. It would be an anomalous position in law to hold that a person could by any means of false representations made to a commissioners' court of a county induce said court to pay out money, which must necessarily be done by an order of the court, with the intent to appropriate said money to the use of the party making said false representation, and thereafter be allowed to successfully plead in bar of a prosecution an order of the commissioners' court in payment of said false claim. Such contention, we believe, is unsound and can not be upheld by this court.

Appellant insists that the trial court was in error in refusing to instruct the jury on the law of accomplice testimony as relating to the witness I. S. Heath. The appellant excepted to the charge of the court for the failure to so instruct the jury and also prepared a special charge upon said issue which the court refused to give. Taking the testimony of the witness Heath as a whole, we are inclined to the belief that his evidence raised an issue as to whether or not he was an accomplice witness. Such being the case, that issue should have been submitted to the jury. We quote from the opinion of Presiding Judge Morrow in the case of Anderson v. State, 98 Texas Crim. Rep., 449, 266 S. W., 159, as follows: "It is a general rule that, where one is connected with a criminal transaction, and testified to facts exculpating him, his explanation is not binding but, taken in connection with the circumstances attending the transaction, presents a question of fact which ought, on proper request, to be submitted to the jury for solution. See Smith v. State, 89 Texas Crim. Rep., 145; Corpus Juris, vol. 16, p. 678."

From the testimony of the witness Heath we find the following facts: That he owned a farm in Childress county which was traversed by Highway No 4; that he sold to Childress county a part of a right of way; that the appellant and another man talked to him with reference to purchasing said right of way for Childress county; that he understood that they were a

committee to make the purchase; that subsequently it was agreed that he was to received $1,000 for said right of way; that he and his wife executed a deed to Childress county and the consideration expressed in the deed was $1,020; that he did not remember just the words the appellant said to him with reference to what this $20 in excess of $1,000 represented; that a warrant was issued to him for the amount stated in the deed and at the time the warrant was delivered to him he executed and delivered to appellant his personal check in the amount of $20; he did not remember whether he or appellant wrote the check; that it was not in his handwriting; that the reason he issued the check for $20 was because of what appellant told him; that it was expenses; that he supposed that was the way they were doing the matter and he gave him the check for $20 to offset the extra twenty dollars in the other check. He further testified that the $20 was not a part of the amount that he was to receive as consideration for the taking of his land and damages done to his farm by the right of way.

This evidence shows that the witness Heath took part in the obtaining of the $20 over and above the amount agreed upon for the right of way. There is no other evidence in the record showing the innocent intent of the witness Heath in executing the deed or in receiving the money. We quote from the opinion of Presiding Judge Morrow in the case of Smith v. State, 89 Texas Crim. Rep., 143, 229 S. W., 523, 524, in passing upon a similar questions: "So far as we have observed cases in which the court has held that one who took part in the commission of the offense was, as a matter of law, not an accomplice witness, they are those cases in which his innocent intent was established by testimony other than his own; cases in which he has in advance made known to others that he planned to act with the real offenders in order to entrap them. Chitister v. State, 33 Texas Crim. Rep., 635; Sanchez v. State, 48 Texas Crim. Rep., 591; Wright v. State, 7 Texas App., 574; Johnson v. State, 3 Texas App., 590; Clay v. State, 40 Texas Crim. Rep., 560; Penn v. State, 43 Texas Crim. Rep., 608; Minter v. State, 70 Texas Crim. Rep., 644."

In view of the record and the decisions above quoted, we think the court was not warranted in refusing the request of appellant to submit to the jury the question of whether or not the witness Heath was an accomplice witness, and, in failing to do so, reversible error is shown.

In his motion for new trial appellant also raises an issue as to the misconduct of the jury in discussing the failure of the

464

appellant to testify as a witness in his own behalf, and also as to the jury receiving other evidence not testified to on the trial of the case. Said matters are not likely to occur on another trial of this case, and for that reason we pretermit discussion of same.

Because of the failure of the court to submit to the jury the question of whether or not the witness Heath was an accomplice, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.