# E. C. Overall v. The State.

No. 20012.  Delivered March 22, 1939.
Rehearing Denied May 31, 1939.
Application for Leave to File Second Motion for
Rehearing Denied (Without Written Opinion)
June 14, 1939.

The opinion states the case.

*Theo. Simmang,* of San Antonio, *R. E. Moss,* of LaGrange, and *Horace Duncan,* of Gonzales, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Conviction is for swindling; punishment assessed is a fine of $10.00.

It was alleged in the State's pleadings that Roy H. Giese was the Clerk of the District Court of Fayette County, Texas; that by issuing a check for the sum or $10.00 against the Gonzales State Bank of Gonzales, Texas, dated April 13, 1936, payable to the order of the District Clerk of Fayette County, appellant induced the said Giese to deliver to appellant a certified copy of an original petition which had been filed in the District Court of Fayette County, Texas, by appellant as at-

torney for one Owen Davis, which petition is set out in the pleadings and was a suit against E. M. Harrell, Jr., who resided in Gonzales County, Texas. It was also alleged that appellant's issuance and deliverance of the check heretofore mentioned secured also from Giese one citation which was issued in pursuance of the foregoing petition, which citation is also copied in the State's pleadings. It is further alleged that the certified copy of the petition and the citation were of the value of $1.25 each, and were personal property, viz "instruments in writing conveying and securing valuable rights. * *" It was further alleged that the clerk delivered the citation and certified copy as aforesaid to appellant in exchange for the check and that at the time of the giving and drawing of said check, and at the time when, in the ordinary course of business said check would be presented at the bank for payment, appellant did not have sufficient money in said bank to pay said check, and had no good reason to believe that said check, when presented to said bank, would be paid; that said check was in due course of business presented to said bank for payment and payment was refused by said bank for want of sufficient funds of appellant for payment.

The evidence for the State is to the effect that the District Clerk, Mr. Giese, had had trouble theretofore in regard to collecting costs in cases in which appellant was acting as attorney, and that he declined to issue citation or prepare certified copy of the petition in the case of Davis v. Harrell until the costs were either paid or secured, and that the check in question was given by appellant in order to secure the issuance of the citation and certified copy to be served on Harrell in Gonzales County. The evidence of the State was sufficient to support the averments in the State's pleadings that the appellant did not have the funds in the bank to pay said check at the time it was issued and had no reasonable expectation that it would be paid upon presentation to said bank. On the other hand, appellant denied that the certified copy of the petition and citation were delivered to him by the Clerk of the District Court, but claims they were delivered to Davis and further, appellant introduced evidence combatting the truth of the averment in the pleadings as to the deposits in the bank and his lack of belief that the bank would pay the check when presented to the bank for payment.

These matters were questions of fact which were determined by the jury against appellant on evidence which we deem sufficient to support the findings.

Appellant makes the contention that although he gave the check set forth in the information, he did not obtain any money or other thing of value and therefore his conviction cannot stand. Appellant not only obtained the certified copy of the petition and citation in which was embraced the labors of the District Clerk, but also a certificate that it was a true and correct copy of the original petition on file. These were necessary instruments by which the defendant in the civil suit could legally be brought into court to answer the charges in the petition and by which the appellant was enabled to proceed with his services to the plaintiff as he was bound to do in order to be legally entitled to compensation. From this he derived some benefit in that he could speedily proceed with the trial of the case and comply with his part of the contract with his client.

Art. 1548, P. C., reads as follows: "It is not necessary in order to constitute the offense of swindling, that any benefit shall accrue to the person guilty of the fraud or deceit, nor that any injury shall result to the person intended to be defrauded, if it is sufficiently apparent that there was a wilful design to receive benefit or cause an injury."

It would seem that it was not necessary that any direct benefit accrue to the appellant, or any injury should result to the person intended to be defrauded. If there was a wilful design to receive a benefit or cause an injury, the offense is complete. See Mowrey v. State, 122 Texas Crim. Rep., 456; 55 S. W. (2d) 816, and the authorities there cited.

The fact of having the defendant properly brought into court in order that appellant might proceed with the prosecution of the case, for which purpose appellant had been engaged, was a valuable right which he secured unto himself by the means and methods charged. We think, by analogy, that we are supported by the case of Johnson v. State, 57 Texas Crim. Rep., 347, 123 S. W. 143. This Court, speaking through Judge Brooks in that case held that the appellant obtained from the injured party a valuable right when he induced him to sign the note as co-maker, payable to the Haskell National Bank in the sum of $250.00.

Appellant also contends that this case should be reversed because the information charged the check to be of a specific tenor and it was therefore necessary that the information not only set out the body of the check, but the signature as well; that this was not done. We have examined the information

and find that the check is set out in *haec verba* therein. Consequently the contention is without merit.

He also earnestly insists that since the citation was returned into the court out of which it issued, be obtained nothing of value and impaired the rights of no one. He seems to lose sight of the fact that the copy of the citation, together with the certified copy of the petition, was not returned into court, because under the law the officer who served the citation on the defendant in the civil action was required by law to leave the same with him. Consequently, the presumption obtains that the officer, in the discharge of his duties, obeyed the law.

It is also contended that the facts of this case fail to show that appellant committed the offense of swindling, in that the title to the copy of the citation and certified copy of the petition did not pass to him. Mr. Giese, the Clerk of the District Court, testified that he was induced to part with the title and possession of the documents by the worthless check given to him by the appellant.

Appellant complains because the court declined to submit his special requested instruction to the effect that although the jury should believe that at the time of giving the check in question, the appellant knew he did not have sufficient funds on deposit with the bank to pay the check when presented, but further found that appellant believed the bank would pay said check, even on an overdraft, or if they had a reasonable doubt thereof, to acquit him.

This charge was an incorrect statement of the law, in that it required the jury to acquit him if they found that he believed the bank would pay the check on an overdraft. The law, however, requires that he must have *good reason* to believe, not merely *believe,* that the bank upon which it is drawn will pay the same when presented for payment in the ordinary course of business. The cashier testified that the bank would not pay any check drawn on it by appellant in the sum of $10. Moreover, the check was returned because of insufficient funds. Consequently what appellant might have believed presents quite a different question from what he had good reason to believe.

Appellant makes many other contentions as to why this judgment of conviction should be reversed. We have carefully examined and considered each of the bills of exceptions, the objections to the court's charge, and the requested special charges, and have reached the conclusion that none of them present reversible error.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Judge.

Appellant has filed a forty page typewritten motion for rehearing herein. It contains many ex parte statements as to facts which ought not to have been incorporated in the motion, and are no part of the record and of course may not be considered.

Among other things appellant challenges the correctness of the statement of facts prepared by the trial judge and suggests that this Court should examine the statement of facts prepared by a stenographer. It is not approved by anyone save appellant. Not bearing the endorsement of the trial judge it is in no condition to be considered by us. The only statement of facts bearing the approval of the judge is the one prepared by him.

Appellant urges that there is a variance between the complaint and information in that he claims the check as set out in the complaint does not bear appellant's signature. An examination of the complaint in the transcript shows to the contrary. This Court is bound by the record before us, and it cannot be disputed by ex parte statements in motions or arguments.

The motion for rehearing is overruled.