The appellant was indicted and convicted for embezzlement and the trial court fixed his punishment at two years in the state penitentiary. This appeal concerns a variance between the allegation in the indictment and the proof. Based on long standing Alabama law which has been applied to identical facts we hold that appellant's cause must be reversed and remanded.
The state's evidence proved beyond all reasonable doubt that the appellant embezzled a check from his employer. The appellant was an accountant for Johnson and Johnson Sandblasting and Metalizing Company. He was in charge of keeping the books and writing checks to pay bills for the company. On November 22, 1976, the appellant wrote a check for $4,436.52 on a company account. He presented the check to Mr. Winford Johnson, a co-owner of the company, to sign, telling Mr. Johnson that the check was to pay for withholding taxes for employees of the company. The appellant was not authorized to use the check for any purpose other than to make the federal tax deposit.
On November 23 the appellant took that check to the Fairfield branch of Birmingham Trust National Bank and purchased a cashier's check in the amount of $4,436.52. No money changed hands. The cashier's check was made payable to Trussville Motors, Incorporated, where appellant used the check to purchase a 1976 Chevrolet Chevelle automobile.
 I
Omitting its formal parts, appellant's indictment reads as follows:
 "The grand jury of said County charge that, before the finding of this indictment, Gerald W. Airhart, whose name is to the grand jury otherwise unknown, being at the time the agent, clerk, employee, servant or apprentice of Winford Johnson and George Johnson, did embezzle or fraudulently convert to his own use, or the use of another, or did fraudulently *Page 212 
 secret with the intent to convert to his own use, or the use of another, Four Thousand Four Hundred Thirty Six Dollars and Fifty Two Cents of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, which came into his possession as such agent, clerk, employee, servant or apprentice, the personal property of Winford Johnson and George Johnson, against the peace and dignity of the State of Alabama." (Emphasis added.)
The issue thus presented is whether proof that a check was embezzled is sufficient to satisfy the allegation of an indictment charging the embezzlement of "lawful currency." Both Supreme Court and Court of Appeals precedent answer this question in the negative.
In Carr v. State, 104 Ala. 43, 16 So. 155 (1894), the Supreme Court of Alabama held the following:
 "If the jury believed this evidence, they could not have found the defendant guilty. Under it, all he ever received from Mrs. Rice was the check for $5,000, and not money or bank notes, as alleged in the first and second counts of the indictment, to the amount of $1,600.90; and under it there was no special deposit by Mrs. Rice of $1,600.90, or any other sum, with the defendant, or with the Tuscumbia Banking Company. It may be that, conceding the truth of this evidence, the defendant would still be guilty of embezzling the check, but that charge is not made in this case. . . .
 "Each count of the complaint charges the defendant with having received, in one form or another, money from Mrs. Rice. On one aspect of the evidence, he received only a check from her, directly or indirectly. Obviously, a check is not money; and obviously, also, unless he did receive money of hers, the jury should have acquitted him." (Emphasis added.)
This holding was followed by Judge Bricken, speaking for the Court of Appeals in Pruitt v. State, 21 Ala. App. 113,105 So. 429 (1925); Brown v. State, 25 Ala. App. 117, 141 So. 725
(1932), and later still in Bauer v. State, 25 Ala. App. 355,146 So. 539 (1933). In Bauer, supra, Judge Bricken wrote:
 "The indictment charged the defendant with the embezzlement of money, not checks, and the inquiry in this connection should have been confined to the question as to whether or not the alleged money came into possession of the defendant as the vice president of the company named; and further, Did he embezzle or fraudulently convert to his own use such money? Certainly if an accused should embezzle a horse, or other property, and afterwards convert the property into money, a prosecution could not be sustained for the embezzlement of money. In this case, the court charged the jury that as a matter of law an indictment charging the embezzlement of money is not sustained by proof of embezzlement of checks only. This is a correct statement of the law, and has been many times so decided."
(Emphasis added.)
The holdings in these cases have at no time been overruled. We believe that the reasoning in the above cases is sound and should be followed in the instant case.
Embezzlement is a statutory criminal offense. Knight v.State, 152 Ala. 56, 44 So. 585 (1907); Napier v. State,337 So.2d 62 (Ala.Cr.App., 1976); Hill v. State, 48 Ala. App. 240,263 So.2d 696 (1972). The prosecution in the instant case was pursuant to the provisions of Alabama Code, § 13-3-20 (1975). Strict construction under this section must be enforced and applied. Spurlock v. State, 37 Ala. App. 390, 69 So.2d 293
(1953).
See Mr. Justice McCall's thorough discussion of the state's burden of proof in an embezzlement prosecution. 286 Ala. 722,246 So.2d 483 (1971). Clearly, it must be established what property was embezzled. Without such proof no conviction could be sustained. Mauldin v. State, 28 Ala. App. 30, 177 So. 309
(1937). Thus, in light of Carr, supra and the Bricken trilogy, "a check is not money." *Page 213 
We recognize the line of false pretense[1] cases which have held that a deposit slip is money in order to avoid a fatal variance between the proof and allegation. Simmons v. State,242 Ala. 105, 4 So.2d 905 (1941); Pirkle v. State, 24 Ala. App. 19,129 So. 707 (1930). We note that in Simmons, supra, the Supreme Court was unwilling to overrule the holding in O'Brienv. State, 29 Ala. App. 39, 191 So. 389, rev'd, 238 Ala. 189,191 So. 391 (1939), a case in which the defendant had actually obtained a check by false pretenses instead of money as charged in the indictment. It was pointed out by the Supreme Court that the variance in Simmons involved deposit slips while the variance in O'Brien had involved checks. Looking to O'Brien,supra, in which the Supreme Court reversed the Court of Appeals decision and the defendant's conviction, reliance was placed onCarr, Bauer, Brown, and Pruitt.
As late as 1960 the Supreme Court, in response to a question certified by the Court of Appeals, held the following:
 "While it might be argued, with some merit, that there is, in practical effect, no difference between a deposit slip and a check as being the instrumentality through which a party might receive money on deposit in a bank, we are not inclined to say that O'Brien v. State, supra, and the cases there relied on, should be overruled." Christison v. State, 273 Ala. 1, 142 So.2d 663, 666 (1960).
It was thought in Christison v. State, 39 Ala. App. 175,96 So.2d 701 (1957) (a case charging the embezzlement of money where only the embezzlement of a check was proved) that theSimmons rationale should apply; however, that case was reversed because of a separation of the jury and we are in no way bound by the dicta of that decision.
We hold that the Simmons rationale is inapplicable to a case charging the embezzlement of money where embezzlement of a check is proved. Such a variance in allegation and proof is fatal and could have easily been avoided by a simple use of the disjunctive "money or checks" in the indictment. Evans v.State, 343 So.2d 557 (Ala.Cr.App. 1977). In so ruling we make no new announcement concerning variance in proof and allegation, nor do we impose a standard of technicalities void of logic and necessity. Our decision today simply reaffirms long standing principles enunciated by well reasoned authority. Because of the deficiency herein pointed out we have no alternative but to reverse and remand this cause.
REVERSED AND REMANDED.
All the Judges concur.
[1] See Mitchell v. State, 56 Ala. App. 718, 325 So.2d 509 (1975), cert. denied, 295 Ala. 412, 325 So.2d 513 (1976) and cases cited therein for discussion of elements for false pretenses.