# Gray *v.* The State

### *Embezzlement.*

(Decided May 18, 1909. 49 South. 678.)

1. *Embezzlement; Indictment; Sufficiency.*—An indictment charging the embezzlement of funds of a corporation need not allege where the incorporation was incorporated.

2. *Appeal and Error; Harmless Error; Admission of Evidence.*—Where the defendant admitted getting a certain amount as agent for a certain company, which he had not accounted for and which he claimed was lost, and the jury found the amount embezzled to be no more than the amount admitted, if there was error in admitting evidence to establish the amount of funds received by defendant as agent for such company, it was harmless.

3. *Embezzlement; Evidence; Other Offenses.*—Where the charge was an embezzlement of funds belonging to defendant's principal, the admission of evidence that the defendant drew funds on check that he had signed without authority was improperly admitted as it did not tend to prove embezzlement but related to another and separate offense.

4. *Same; Instructions.*—A charge asserting that the cashing of a check by defendant that was payable to him would not constitute an embezzlement of the check, is a proper charge, since the charge would not exonerate defendant from embezzling the proceeds of the check but simply declared that the cashing of the check did not constitute embezzlement.

5. *Charge of Court; Abstract Instructions; Refusal to Testify.*—A charge asserting that the defendant has a right to refuse to testi-

fy about any matters which would aid the state in its efforts to make out a case against defendant under another indictment and his refusal to so testify cannot be construed as a circumstance against him in this case, is abstract where it appeared that while the defendant objected to the question asked, he did not refuse to answer, but answered the question after objection was overruled.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

From a conviction of embezzlement, Andrew Gray appeals. Reversed and remanded.

Indictment was in the following language, omitting the formal charging part: "Andrew Gray, being at the time the agent or clerk, to-wit, the timekeeper, of the American Bridge Company of New York, a body corporate, did embezzle or fraudulently convert to his own use, or to the use of another, or did fraudulently secrete, with the intent to convert to his own use, or to the use of another, money, bank notes, checks, or bills of exchange of or about the amount of $1,651.28, and of that value, the personal property of the American Bridge Company of New York, a body corporate as aforesaid: said money, bank notes, checks, or bills of exchange having come into the possession of said Andrew Gray by virtue of his office or employment as such agent or clerk, against the peace and dignity," etc.

The demurrers to the indictment are as follows: "(1) It does not appear from said indictment where said corporation was incorporated. (2) It is not alleged in said indictment in which state said corporation was incorporated or organized."

The jury found the amount embezzled to be $1,496.

The following charges were refused to the defendant: "(1) If the jury believe the evidence in this case, they will find the defendant not guilty. (2) I charge the jury that if the check was made payable to the defendant, and he cashed it, he could not be guilty of the embezzlement of the check. (3) The defendant has a right

[Gray v. The State.]

to refuse to testify about any matter which would aid the state in its efforts to make out its case against defendant under another indictment, and his refusal to so testify cannot be construed as a circumstance against him in this case."

W. T. WARD, for appellant.—No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney-General, for the State.—Evidence in reference to the statement obtained is admissible.—*Lang v. The State,* 97 Ala. 41. The court's ruling in regard 'to the admission of letters, statements, pay-rolls, etc., was proper.—*Willis v. The State,* 134 Ala. 429; *Reeves v. The State,* 95 Ala. 32. The proof of the handwriting was sufficient.—*Nelms v. The State,* 91 Ala. 99. Proof that Otkin's name was signed to the check drawn on the 1st National Bank was properly admitted.—*Stanley v. The State,* 88 Ala. 154; 1 Greenl. parag. 14. The indictment was not subject to the demurrers interposed.—*Bailey v. The State,* 116 Ala. 437; *Emmons v. The State,* 87 Ala. 12. Charge 3 was properly refused.—*Raines v. The State,* 88 Ala. 99.

ANDERSON, J.—The indictment was not subject to the demurrers interposed thereto, and which were properly overruled.—*Bailey v. The State,* 116 Ala. 439, 22 South. 918.

Many of the objections to the evidence grew out of the attempt of the state to establish the amount of funds received by the defendant as agent of the American Bridge Company, and which had not been accounted for by him. The defendant admitted getting $1,500, less cost of exchange, as agent for the company, which he had not disbursed, and which he claimed to have lost through pickpockets or otherwise, and the jury found the amount embezzled to be only this amount. Conse-

quently errors committed, if any there were, in attempting to fix the amount embezzled by the defendant, were without injury.

The indictment charged the defendant with the embezzlement of funds, etc., coming into his hands by virtue of his employment, and not with forgery or the procurement of money by falsely impersonating another. Indeed, the offense of embezzlement grows out of the conversion of funds properly in the custody or control of the defendant. The trial court erred in permitting the state to show that the defendant drew funds on checks that he had signed, without authority, in the name of Wm. Otkins. This evidence had no tendency to prove the charge involved, but related to another separate and distinct offense, and was highly prejudicial to the defendant.

Charge 2, requested by the defendant, should have been given. If the check was payable to him, and he cashed it, that fact would not constitute an embezzlement of the check. The charge does not instruct an acquittal, or exonerate the defendant from embezzling the proceeds, but simply instructs that the cashing of the check did not constitute an embezzlement of the said check.

Charge 3 was abstract, if not otherwise bad. The defendant did not refuse to testify, but answered the question, as to the Otkins check, which we have heretofore held was not relevant evidence. He did object to the question, but did not refuse to answer same, after his objection was overruled.

The judgment of the criminal court is reversed, and the cause is remanded.

Reversed and remanded.

Dowdell, C. J., and McClellan and Mayfield, JJ., concur.