JOHN C. MUNOZ, *Plaintiff in Error*, v. THE STATE OF
FLORIDA, *Defendant in Error*.

Opinion Filed March 3, 1924.

This case was decided by Division A.

1. One who delivers a check to another to whom it is made pay-
   able, in the absence of any different instructions, authorizes
   and empowers him to cash the check, and if he does so, he
   cannot be convicted of embezzling the check.

2. That, guilt is personal, applies as well to partnership as to
   other relations, and no one can be punished criminally for
   the criminal acts of his partner, merely by reason of any
   partnership relation, and in the absence of personal partici-
   pation therein.

A Writ of Error to the Criminal Court of Record for
Duval County; J. M. Peeler, Judge.

Judgment reversed.

*F. P. Fleming, William A. Hallowes Jr.*, and *M. W.
Lewis*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *Marvin C. Mc-
Intosh*, Assistant, for the State.

BROWNE, J.—Munoz was prosecuted in the Criminal
Court of Record of Duval County on an indictment con-
taining two counts: the first charged him with an embez-
zlement of "one lot of paper bills and silver coins of the
value of Three Hundred and Eighty-three dollars and
sixty-two cents," and the second count with the embezzle-
ment of "one bank check of the value of Three Hundred

and Eighty-three dollars and sixty-two cents," the property of S. Blatner.

The first count was expressly abandoned by the State, and the defendant found guilty on the second count.

There are a number of assignment of error, but we need only discuss the one relating to the ground in the motion for a new trial; that there was no evidence to support the verdict.

The plaintiff in error, a member of the partnership known as the Munoz-Kelly Company, a brokerage firm, sold a car load of beans to several merchants in Jacksonville, of whom S. Blatner was one. When the draft for the beans reached Jacksonville, Munoz called on Blatner for his part of the purchase price, and was given a check drawn by him on the Atlantic National Bank, for $425.62, payable to the order of Munoz-Kelly Co.

The proceeds of this check, together with additional funds that Munoz was to receive from other merchants who bought part of the car load of beans, were to be used to take up the draft promptly, in order to get the advantage of 1% discount, if the draft was paid within ten days.

Conceding that Munoz was the one who cashed the check, although the testimony entirely fails to establish that fact, he cannot be convicted of having embezzled the check, because it was given to him to be cashed, and he did that with it for which it was intended.

The check was not given to be exchanged for the draft, but was to be cashed and the proceeds to be used in part to take up the draft.

In the case of Gray v. State, 160 Ala. 107, 49 South. Rep. 678, the defendant under indictment for the embezzlement of "money, bank notes, checks or bills of exchange" requested this charge, which was refused:

"Charge 2: I charge the jury that if the check was made payable to the defendant, and he cashed it, he could not be guilty of the embezzlement of the check."

The Supreme Court in holding that this was error, said: "Charge 2, requested by the defendant, should have been given. If the check was made payable to him, and he cashed it, that fact would not constitute an embezzlement of the check. The charge does not instruct an acquittal, or exonerate the defendant from embezzling the proceeds, but simply instructs that the cashing of the check did not constitute an embezzlement of the said check." See also State v. Peck, — Mo. —, 253 S. W. Rep. 1019.

Where a person entrusted with property to sell for another, sells it and keeps the proceeds, he cannot be convicted of embezzling the property, although under certain circumstances he may be convicted of embezzling the money derived from the sale. 9 R. C. L. pp. 1268, 1269, 1276; McCrary v. State, 51 Tex. Cr. Rep. 502, 103 S. W. Rep. 924; Dotson v. State, 51 Ark. 119, 10 S. W. Rep. 18; State v. Dodson, 72 Mo. 283; State v. Mispagel, 207 Mo. 557, 106 S. W. Rep. 513.

One who delivers a check to another to whom it is made payable, authorizes and empowers him to cash the check, and if he does so, he cannot be convicted of embezzling the check. Even if the check be given to the payee to raise money for a specific purpose, he cannot be convicted of embezzling the check itself, upon proof only that he cashed the check.

There is no testimony tending to show that Munoz received the proceeds of the check, which was made payable to Munoz-Kelly Company.

The testimony shows that the check was cashed, but is silent as to who cashed it. It was introduced in evidence without the endorsements, and there is nothing in the

record to show who received the proceeds. It was so palpable on the trial, that it had not been proven who received the proceeds of the check, that the State announced that it abandoned the first count of the information, and the court instructed the jury that there was only the second count, charging embezlement of the check itself, for their consideration.

The facts that the check payable to Munoz-Kelly Co., a co-partnership composed of the plaintiff in error and H. V. Kelly, was delivered to Munoz, and that Blatner's account at the bank was depleted to the amount of the check, are not sufficient to establish Munoz' criminality.

There is nothing in the record to show that contrary to the ordinary practice in partnership business, Munoz only, had authority to cash checks made payable to the firm. *Non constat*, the check may have been cashed by Kelly, without the knowledge or consent of Munoz. "That 'guilt is personal' is so well established as to be axiomatic, and applies as well to partnership as to other relations, and no one can be punished criminally for criminal acts of his partner, merely by reason of any partnership relation, and in absence of personal participation therein." 1 Rowley's Modern Law of Partnership, §518; Acree v. Commonwealth, 13 Bush (Ky.) 353; State v. Coleman, Dudley (S. C.) 32.

Under the facts in this case, the testimony did not warrant the conviction of Munoz under the charge of embezzling a check, and it was not shown that he received any part of the proceeds of the check.

The judgment is reversed.

TAYLOR, C. J., and ELLIS, J., concur.

WHITFIELD, P. J., and WEST and TERRELL, J. J., concur in the opinion.