(110 So. 320)

## PROVO v. STATE. (3 Div. 544.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov. 23, 1926.)

1. **Embezzlement** ⬉⬐35.

In prosecution of treasurer of association for embezzlement, evidence that name of order was different from that alleged *held* insufficient to render conviction error.

2. **Embezzlement** ⬉⬐38.

In prosecution of treasurer of association for embezzlement, admitting evidence showing application of funds, and lack of defendant's authority to withdraw them by check as he did, was proper.

3. **Criminal law** ⬉⬐369(5).

In prosecution for embezzlement, evidence that defendant procured funds on checks which he had drawn without authority in name of another would not be admissible.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Amos Provo was convicted of embezzlement, and he appeals. Affirmed.

Eugene W. Carter and Thos. B. Hill, Jr., both of Montgomery, for appellant.

Where there is a variance between the allegations of an indictment and the proof, the defendant is entitled to the affirmative charge. Peters v. State, 12 Ala. App. 133, 67 So. 723; Kramer v. State, 16 Ala. App. 40, 75 So. 185; Washington v. State, 72 Ala. 272. On a charge of embezzlement, the admission of evidence that defendant drew funds on checks that he had signed without authority was improperly admitted, since it related to another offense. Gray v. State, 160 Ala. 107, 49 So. 678.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The affirmative charge was properly refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726. There was no error in admitting the checks by which the money was withdrawn.

RICE, J. [1] The defendant was convicted of embezzling funds of the "Grand United Order of King Solomon of Alabama, Order No. 1, an association of persons," coming into his hands as "endowment treasurer" thereof. Evidence for the state tended to show the name and character of the injured party to be as alleged; while defendant's evidence was to the effect that the name of the order was "King Solomon Order Benefit Society, of Ada, Alabama," or "King Solomon Order Benevolent Society No. 1, of Ada, Alabama," and that it was a corporation. There was some evidence that this latter was a subordinate local lodge of the grand or parent order, of which defendant was an officer, and some evidence to the contrary. Defendant's chief reliance for a reversal is upon an asserted variance between allegata and probata as to the name and character of the owner of the funds embezzled. The statement of the proposition denies its acceptance; there was evidence to support the allegation, and there could therefore be no variance. Under appropriate instructions, the trial court submitted this specific issue to the jury.

[2, 3] It appears that defendant was the custodian of the funds and placed them in various banks in the name of "King Solomon Order No. 1, to be signed by himself as treasurer, and that he withdrew the funds, or a part of the funds, and converted them to his own use. The state offered evidence to show the laws of the order as to the application of its funds, and the lack of authority in defendant to withdraw them by check, as was done. Defendant objected to this evidence upon the ground that it was immaterial to any issue in the case and related to another offense. True, on a charge of embezzlement, evidence that defendant procured the funds upon checks which he had drawn without authority *in the name of another*, would not be admissible. Gray v. State, 160 Ala. 107, 49 So. 678. That is not the situation here. The evidence here assailed tended, not to show defendant's lack of authority to sign the checks, or withdraw the funds, but to show his lack of authority to apply those funds, save to the purposes stipulated in the by-laws.

A careful examination of the record reveals no error prejudicial to the rights of the defendant. The judgment will be here affirmed.

Affirmed.