.17 So.2d 288

## GRIMES v. STATE.

### 4 Div. 815.

Court of Appeals of Alabama.

Feb. 22, 1944.

Rehearing Denied March 21, 1944.

E. O. Baldwin, of Andalusia, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

RICE, Judge.

Somebody shot Ernest Odom with a shotgun, in the nighttime, under such circumstances that whoever fired the shot might warrantably have been found by the jury to be guilty of "assault * * * with intent to murder." Code 1940, Tit. 14, Sec. 38.

Appellant, with another, was indicted for the crime mentioned. The charge was nol prossed as to the other; and appellant, duly tried, was convicted of the offense of assault with intent to murder.

His punishment was fixed at imprisonment in the penitentiary for the term of three and one-half years.

The testimony for the State was circumstantial, except for the fact that several of its witnesses testified that appellant admitted or confessed that he shot Odom.

After fully and accurately defining the constituents of the offense(s) the indictment charged against appellant; the rules of law by which the jury should consider same; and, in fact, outlining every principle of the law involved, the learned trial court went on to say: "So take all those questions, gentlemen of the jury, it is a question of fact purely and simply for you to determine, and say by your verdict whether 'Doc' Grimes or Charlie Grimes is guilty of an assault (with intent) to murder Ernest Odom. He must have fired that shot under the evidence in this case. He must be the man that shot him. He disputes that, and that makes it a question of fact for you to determine. Is he the man that fired the shot? If he did fire the shot and injured Odom, did he do it under such circumstances that would constitute him guilty of an assault (with intent) to murder at the time? So that is the whole issue. We might call it an alibi in this case. The defense offered by this defendant is that he is not the man that is guilty of firing that shot. Some other person, he says, fired the shot. The State contends that the circumstances show conclusively that he is the man that fired the shot, and that he did it with the intent to murder Odom at the time. The State has offered you circumstances which they say convince you that the defendant fired the shot that injured Mr. Odom. The defendant says he didn't do it; that he was at home sick at the time, and didn't leave his home. So there it is, gentlemen of the jury. It is a question of fact purely and simply for you to decide. Did he fire the shot that injured this man, and at that time did he have the intent to murder him? The State offers here evidence of an alleged confession, which the State claims that the defendant made shortly after the occurrence on this occasion. The State contends that the defendant said, 'yes, I am the man that shot him,' shortly after the shot was fired. The defendant says he didn't say it. That is a question of fact for you to determine as to whether or not he made that confession, and if he made it, was it a true statement of fact. It is for you to determine. The admissibility of confessions addresses itself to the court, and I have allowed that testimony, but the effect of that testimony is for you to consider and determine in this case. * * * You have the entire picture as offered by both parties, and bring into play your everyday common judgment and experiences in life and determine

whether or not Charlie Grimes or 'Doc' Grimes is guilty of an assault (with intent) to murder, and if not, is he guilty of an assault and battery, and whether or not he is guilty of any charge brought forth in this indictment."

The above sums the matter up. We see no necessity to add to it.

No exception reserved on the taking of testimony was to a ruling that was not either correct or innocuous.

No refused charge deserves mention further than is implicit in what we have written.

It was strictly a "jury case." The trial court, who saw and heard the witnesses, refused to set aside their verdict. We, without his advantages, must do likewise.

The judgment is affirmed.

Affirmed.