65 So.2d 540

## MARTIN v. STATE.

### 8 Div. 316.

Court of Appeals of Alabama.

May 26, 1953.

E. L. Roberts and L. Charles Wright, Gadsden, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen. (Thos. M. Haas, Montgomery, of counsel), for the State.

HARWOOD, Judge.

This appellant stands convicted of embezzlement.

Count 1, omitting the formal parts charged that the appellant "being an employee of Gas Specialties, Incorporated, a corporation, embezzled or fraudulently embezzled to his own use money to the amount of about $500.00 which came into his possession by virtue of his employment."

Count 2, omitting certain formal parts, charges that appellant, "being an employee of Gas Specialties, Incorporated, a corporation, doing business in the City of Huntsville, Alabama, embezzled or fraudulently converted to his own use—checks to the amount of about $1000.00 which came into his possession by virtue of his employment."

The evidence presented by the State tended to show that the appellant was employed as manager of the Gas Specialties, Incorporated, a corporation. This company was organized to operate a business in Huntsville, Alabama. It opened a store in Huntsville in June 1951. An audit showed that the operation was losing money, and the business was closed out in less than a year.

Mr. George Cummings, President of the Gas Specialties, testified that the company was organized and incorporated in May 1951. He had 25% of the stock put in escrow, and when appellant was employed as manager he promised appellant that if the business had successfully operated for a year he would after that time be given the stock held in escrow.

A part of appellant's duties were to sell gas appliances, to install appliances, and do other mechanical work in connection with "converting" appliances from butane to natural gas. At first appellant did a large part of this mechanical work himself, but as business grew he employed and supervised the work of other men.

Mr. P. L. Countess testified that natural gas was piped into Huntsville on 15 May 1951. Since that day to lawfully make an installation of a gas appliance a permit had to be obtained from the city. These permits were issued only to licensed and bonded dealers. The gas cannot be turned on until an inspection has been made by the City Gas Inspector.

The State introduced additional evidence directed toward showing that this appellant, during the period of time he was acting as manager of the Gas Specialties, Incorporated, made numerous installations of gas appliances and received payment therefor either in cash or by check, and in some instances sold appliances or supplies, and that such proceeds were not reflected in the books of the company.

The appellant's contention was that at the time he made the contract to become manager of Gas Specialties, Incorporated, in Huntsville it was agreed that he was to be given 25% of the stock, and that the stock was never given to him.

Appellant further contended that the jobs for which he admitted he had converted the payments to his own use were performed by him, or under his supervision, after regular office hours which were from 8 a. m. to 5 p. m. each week day, except Saturdays, on which day he was on duty from 8 a. m. until noon; that he paid the men assisting him out of his own pocket, and considered such income his personal property.

In rebuttal to this contention the State introduced a number of witnesses for whom the plaintiff claimed he had worked in a personal capacity, the proceeds for such jobs being admittedly kept by the appellant. These witnesses testified that they had contacted the Gas Specialties, Incorporated, in reference to having the jobs done; that the work was done between the hours of 8 a. m. and 5 p. m. on week days, or before noon on Saturday; that the workmen would have with them a Gas Specialties, Incorporated, truck.

Several of these witnesses had paid appellant in cash for the work, and several had paid by check made out to appellant at his instructions.

The evidence further discloses that the appellant did not have a license to engage in the gas appliance business in Huntsville, but that the Gas Specialties, Incorporated, did, and that all of the permits for installations, even in those jobs the appellant claims to have performed in a personal capacity, were issued on applications of Gas Specialties, Incorporated.

As to count 1, charging embezzlement of money, we are clear to the conclusion that the State's evidence was ample, if believed by the jury under the required rule, to sustain the verdict of guilty, in so far as this count is concerned. Certainly the amount of money embezzled was in excess of $25, thus justifying the sentence imposed. It is not necessary that the State should show that the full amount of money specified in the indictment was embezzled, but proof of part of the funds alleged was sufficient. Wall v. State, 2 Ala.App. 157, 56 So. 57.

However, it is our conclusion that this case must be reversed because of the court's refusal of the appellant's requested affirmative charge with hypothesis as to count 2.

The jury returned a general verdict of guilty. The verdict is therefore referable to all counts of the indictment.

Count 2 charged embezzlement of "checks to the amount of about $1000.00—."

The evidence relied upon by the State in supporting this count showed that in all of the checks this appellant was the specified payee. The checks being payable to appellant, and even cashed by him, such facts do not constitute embezzlement of the checks under the doctrine of Gray v. State, 160 Ala. 107, 49 So. 678. It being solely the embezzlement of checks with which appellant was charged in count 2, and the State's evidence failing to show facts constituting embezzlement, the lower court erred in refusing appellant's requested affirmative charge as to this count and this cause must be reversed.

Reversed and remanded.