142 So.2d 676

**Helen CHRISTISON**

v.

**STATE of Alabama.**

7 Div. 536.

Supreme Court of Alabama.

March 22, 1962.

Rehearing Denied June 28, 1962.

See also 142 So.2d 663.

Geo. Murphy and Roy D. McCord, Gadsden, for petitioner.

MacDonald Gallion, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., opposed.

STAKELY, Justice.

Helen Christison was convicted on a judgment based on a general verdict of guilty on an indictment consisting of two counts and sentenced to five years imprisonment. The judgment was affirmed by the Court of Appeals and rehearing was denied. The petition for writ of certiorari was granted and the case was argued orally.

Helen Christison as custodian of Etowah County school funds drew a check dated January 23, 1951 on the American National Bank of Gadsden, Alabama for $225.00, payable to "Helen Christison—Bookkeeper". The reverse side of the check was endorsed "Helen Christison—Bookkeeper and Etowah County Exchange, Inc." After the bank paid the check and charged it to Miss Christison's account as custodian, the cancelled check was returned by the bank to petitioner. Petitioner then erased the name of the payee so as to make the name of the payee on the check read "Clorene C. Hallmark". According to the opinion of the Court of Appeals Clorene C. Hallmark, a teacher on maternity leave without pay in January 1951, denied that she had written the purported endorsement.

In count one of the indictment, petitioner is charged with forgery. The Court of Appeals appears to concede that there is no forgery in the first degree since the instrument was no longer a check under Section 199, Title 14, Code of 1940 when the alteration was made. However the Court of Appeals has regarded the cancelled check as a receipt and found forgery in the second degree under Section 200, Title 14, Code of 1940. The court stated in Wyatt v. State, 257 Ala. 90, 57 So.2d 366, 368:

"The offenses denounced by our statute as forgery in the second degree include (for present purposes) the forg-

ery of (1) an instrument purporting to be the act of another whereby an interest in property purports to be affected; (2) any negotiable instrument or the endorsement of it; (3) any instrument in writing purporting to be the act of another by which any pecuniary demand or obligation purports to be created, discharged or diminished. * * *"

■ The Court of Appeals held the indictment to charge forgery in the second degree under the first alternative. Petitioner argues that the endorsement was not in evidence so far as the forgery count in the indictment was concerned. Thus without an endorsement, it is impossible for a cancelled check to constitute a receipt. We cannot agree. The perforations on the check showing that it was paid on a certain date and other bank markings show that the payee presented the instrument to the bank and that the bank cancelled the check. The face of the check indicates that the payee or someone other than petitioner cashed the check. Moreover, the Court of Appeals stated on rehearing that the endorsement went to the jury for the purpose of showing the entire instrument as described in count one of the indictment. The endorsement did not go to the jury for the purpose of showing forgery. Thus the endorsement was not completely excluded but excluded from being the forgery aspect of the check. The instructions to the jury were not altogether unambiguous, but the construction of the Court of Appeals is very plausible and we can find no reason to alter that finding.

■ The petitioner, in a former trial in which she was acquitted, was charged in count two of that indictment with the embezzlement of two hundred and fifty dollars. In count three of the present indictment, she is charged with embezzlement of a check for two hundred and twenty-five dollars. This court in response to a certified question of the case at bar has held that an indictment charging embezzlement of money was not supported by proof of embezzlement of a check citing O'Brien v. State, 238 Ala. 189, 191 So. 391 as the leading case on the matter. Thus the petitioner's pleas of autrefois acquit fail.

Next petitioner asserts that:

"The check involved, according to all evidence, was the defendant's own check, drawn by her, payable to herself."

However it might be found that the check in question was not the petitioner's own check but was merely in her custody by virtue of her position as bookkeeper and custodian of the school funds.

■ Petitioner contends that a person cannot embezzle a check in which he is the specified payee and cites Martin v. State, 37 Ala.App. 197, 65 So.2d 540. This case and Gray v. State, 160 Ala. 107, 49 So. 678 held only that checks being payable to accused and cashed by him are not sufficient facts to constitute embezzlement of checks. The cases did not indicate that it was impossible to embezzle such checks. In this instance, the check was not embezzled if we halted the facts after the cashing of the Hallmark check. The embezzlement occurred when the check was fraudulently appropriated for the use of the petitioner. The petitioner erased her name as payee and her endorsement and inserted that of Clorene C. Hallmark. The entire instrument was in evidence without qualification in regards to the embezzlement count. The cancelled check was the property of the school and functioned as a receipt to account for the disbursement of the school funds.

■ Other matters raised by the petitioner have been given adequate treatment by the Court of Appeals. The evidence fully supports the verdict on counts one and three.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON and MERRILL, JJ., concur.