326 So.2d 299

**Ruby Lee LATHAM, alias**

**v.**

**STATE.**

**3 Div. 402.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

James M. Fullan, Jr., Birmingham, J. Paul Lowery, Montgomery, William D. Latham, Clanton, for appellant.

William J. Baxley, Atty. Gen., and James S. Ward, Asst. Atty. Gen., for the State.

TYSON, Judge.

The two-count indictment charged the appellant with false pretense and grand larceny of certain machinery parts or supplies purportedly shipped to the Highway Department of the State of Alabama from Machinery and Supply, Inc., a corporation, of Montgomery, Alabama, acting through the appellant, and with the larceny of said items of the value of $488.45. At trial, the jury returned a general verdict of "guilty," as charged, and the trial court set sentence at ten years imprisonment in the penitentiary. The appellant's motion for new trial was denied.

The tendency of the State's evidence was to the effect that the appellant had sent invoices for four "U" joints and two repair kits of a total value of $498.42, less a 2% discount, being of the value of $488.45, to the State of Alabama. Requisitions were then issued from the Highway Department to the Finance Department for warrant covering payment, which warrant was approved in this instance on February 5, 1973.

An employee of the Union Bank and Trust Company, Edmund Dowe, testified that a warrant of the State of Alabama for $1,055.11 was deposited to the account of Machinery and Supply Company, Inc., on February 7, 1973, and that on this same date a money order was issued by the Union Bank and Trust Company in the amount of $1000.00, payable to Ruby Lee Latham.

I

At the close of the State's case, a motion to exclude as to each count in the indictment was made, which was overruled, and at the close of trial, there was a request in writing for the general affirmative charge as to each count in the indictment. These requested charges were refused by the trial judge.

Inasmuch as the testimony in this cause, except for the names of the designated machinery parts, requisitioned by the State of Alabama Highway Department, and the dates of the transactions involved, is essentially the same as that appearing in this Court's detailed opinion in *Latham v. State,* 56 Ala.App. 234, 320 So.2d 747, affirmed 294 Ala. 685, 320 So.2d 760, a more detailed statement is not here required. As in *Latham,* supra, the attorneys for the appellant requested the affirmative charge in writing as to each count in the indictment, and such was rejected by the trial court. The jury returned a general verdict of guilty. This squarely raises the question of the sufficiency of the evidence to support each count of the indictment in question. Inasmuch as our prior opinion is dispositive of the question of larceny under the evidence here presented, which clearly does not support such a charge, this cause is due to be reversed and remanded on authority of *Latham,* supra.

II

Counsel for the appellant also calls attention to the motion to recuse filed in writing, and exhibits thereto attached, which was denied by the trial judge. Inasmuch as the exhibits filed in this cause in support of this motion, are essentially the same as those set forth in the prior opinion of this Court, and the Supreme Court of Alabama in *In re White,* 53 Ala.App. 377, 300 So.2d 420, cert. denied 293 Ala. 778, 300 So.2d 439, such need not be here repeated. This prior opinion in *Ex parte White,* supra, is dispositive of the motion to recuse here at issue, and we do so determine.

For the errors shown, the judgment below is reversed and the cause is remanded for new trial.

Reversed and remanded.

All the Judges concur.