BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant-defendant, an indigent here and at nisi prius, was indicted, tried and convicted by a jury for embezzlement and sentenced by the trial court to four years imprisonment in the penitentiary.
We quote the essentials of the indictment as follows:

“The grand jury of said county charge that, before the finding of this indictment, DIANNE RENO, whose name is to the Grand Jury otherwise unknown, being at the time the agent, clerk, employee or servant of Meyer Brothers Drug Company of Alabama, Inc. a corporation, did embezzle or fraudulently secrete with the intent to convert to his own use, or the use of another Thirty Six Thousand One Hundred Sixty Three Dollars and Thirty Three Cents of the lawful currency of the United States of America, a more particular description and denomination of which is to the Grand Jury otherwise unknown, which came into his possession as such agent, clerk, employee or servant, the personal property of Meyer Brothers Drug Company of Alabama, Inc., a corporation, against the peace and dignity of the State of Alabama.”
The indictment appears to be definite and not subject to defendant’s demurrer for vagueness.
It appears from the evidence without dispute, that the State proved the allegations of the indictment except the alleged embezzlement, which defendant denied by a plea of not guilty. Defendant’s evidence tended to establish her innocence. This evidence was in conflict with evidence offered by the State which tended to prove guilt.
The transcript before us is in four volumes and contains 786 pages of pleading and testimony. We will not burden this opinion by an extended delineation of the testimony, but will refer to some essentials pertinent and illustrative of the contentions of error.
*124 It appears that the victim of the embezzlement was a foreign business corporation, with a division located in Jefferson County, by which appellant-defendant was employed as a cashier.
As we understand the record, the embezzled money was received from C.O.D. invoices that accompanied deliveries of drug merchandise to customers: These invoices were returned to defendant with money or checks tendered by the purchaser in payment of the invoiced merchandise. The paid invoices and the money or checks therefor were .turned over to Mrs. Reno as the cashier of the business: The transactions were day to day and covered a period of months.
The manager of the business was alerted to the fact that a certain invoice or. invoices had been paid and that the particular customer was not indebted to Meyer Brothers Drug Company. This alert invited an investigation which led to the discovery, in the desk drawer of defendant, of a bunch of paid invoices that totaled the amount alleged in the indictment. These invoices and the money or checks therefor never reached the accounting department of the company. The invoices had accumulated over a period of months and the alleged embezzlements took place from time to time during that period.
One Mr. Taylor, who was manager and vice president of Meyer Brothers Drug Company, and in charge of the Jefferson County division, called appellant-defendant in for a conference. He also notified the bonding company on Mrs. Reno’s bond. A representative of the bonding company appeared on the scene and also held a conference with Mrs. Reno.
The two conferences, at which no law enforcement officer was invited or present, produced two confessions of guilt, both of which were offered by the State and admitted in evidence for consideration of the jury.
Defendant’s written confession of guilt (Tr. p. 178), made in the presence of Mr. Taylor, company officer, which she signed, stated, “I took C.O.D. money from Meyer Brothers Drug Co., estimated amount unknown.” The second confession in writing (Tr. p. 268), which defendant signed reads as follows:
“June 20, 1972
Birmingham, Alabama
“I am Dianne Rogers Reno, female age 24. I am employed at the present time at Meyer Brothers Drug Co. of Alabama. I am married to Alton Reno and we live at 4301 39th Avenue North Birmingham, Alabama. My job with Meyer Brothers is cashier. I went to work for Meyer Brothers on or about October 1, 1970. “As a part of my job with Meyer Brothers I accepted envelopes from delivery drivers. These envelopes were on C. 0. D. deliveries and as I counted the money from these envelopes I took some of the cash money and placed the empty envelope in my desk drawer. I used this money for my own personal use and on my family. My husband does not know that I took this money. There were no other employees of Meyer Brothers or anyone else involved in the taking of this money.
“s/ Dianne Rogers Reno.”
The voluntariness of both confessions was adjudged by the trial court before the confessions were in evidence. Jones v. State, 292 Ala. 126, 290 So.2d 165. This determination will normally not be disturbed unless it appears contrary to the great weight of the evidence or is manifestly wrong. Carter v. State, 53 Ala.App. 43, 297 So.2d 175 (1974). The trial court heard evidence on this issue and we will not disturb his ruling. Evidence surrounding the confessions was then given to the jury which determined the weight it would give therein. McKee v. State, 24 Ala.App. 175, 132 So. 68. Whether accused made a confession, and whether alleged confession was a true statement of facts, were for the jury. Grimes v. State, 31 Ala.App. 336, 17 So.2d 288.
In view of the fact that the alleged confessions were made at a time when de *125 fendant was not under arrest and no law enforcement officer was present, warnings mandated by Miranda v. Arizona, 384 U.S. 438, 86 S.Ct. 1602, 16 L.Ed.2d 694, were not required. The confessions here under consideration were made to private citizens and not officers of the law who appeared later on the scene. Truex v. State, 282 Ala. 191, 210 So.2d 424(1). This decision and others of similar import are controlling and binding on this court. Arguments of counsel that other attending circumstances incident to the confessions should invoke the mandates of Miranda, supra, are not persuasive. We are not privileged to extend Truex and Miranda to include other situations.
In addition to appellant’s contentions of error relating to the confessions and' their admissibility, appellant asserts her two written charges which directed an acquittal unless the jury found that appellant embezzled the entire sum alleged in the indictment was true, should have been given. In other words, embezzlement by defendant of a lesser sum would not support a conviction. These charges were properly refused. Walker v. State, 117 Ala. 42(8), 23 So. 149; Wall v. State, 2 Ala.App. 157, 56 So. 57(9); Martin v. State, 37 Ala.App. 197, 65 So.2d 540(2).
Appellant further contends that the court erred in receiving the verdict which found the defendant guilty of embezzling (only) $2,000, for that, as argued, the jury could not have rendered such conclusions except as a compromise or resorting to a quotient finding. We do not think this contention has merit.
The jury was faced with a difficult determination,- under the evidence and the loose accounting system of Meyer Brothers Drug Company, of the amount that appellant did embezzle. Evidently, they were convinced that she did take at least $2,000. This amount constituted a felony. An exact determination in dollars and cents was not necessary to a conviction.
We compliment appellant’s counsel on his diligent and brilliant defense of this case at nisi prius, and here, and note his serious contentions in briefs that appellant was innocent of the charge and that the offense was committed by an officer of Meyer. The guilt of another is not before this court, nor was it before the jury. Suffice it is, the jury heard the evidence, the argument of counsel, and determined the issues against appellant. We find no prejudicial error in the rulings of the trial court.
So far as this court is concerned, future consideration of appellant’s plight is addressed to the pardon and parole board. However impressed we may be, with the sincerity of counsel’s assertion that he has an innocent client, the jury has spoken and we affirm the judgment. There was no motion for a new trial that we have found in the record.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
The judgment below is hereby
AFFIRMED.
All the Judges concur.