LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant (appellant) guilty of the possession or utterance of a forged check, “with intent to defraud” and “having knowledge that said instrument was forged in violation of Section 13A-9-6 of the Code of Alabama.”
The Statement of the Facts in appellant’s brief is as follows:
“Demetrius Robinson worked for Town and Country Construction, on various occasions over a period of years, and he worked specifically for Mr. Melvin Mara-ble. At various times through his employment, it is Mr. Robinson’s contention that he had written checks and signed Mr. Marable’s signature for various supplies for the company, Town and Country Construction. It is also his contention, Mr. Robinson, that he had been authorized to sign these checks by Mr. Marable and that the authorization had never been withdrawn. The check for which this indictment is brought, check No. 286, was similarly written by Mr. Robinson, and he signed Mr. Marable’s name. It was cashed at a nearby store at which time $10.00 worth of gasoline was placed in the tank of the truck Mr. Robinson was driving, a truck belonging to Mr. Mara-ble, and the ■ remaining $50.00 was retained by Mr. Robinson as payment for his services.”
Appellant argues that “the evidence presented was insufficient to sustain the conviction” and that the “necessary elements for the crime of criminal possession of a forged instrument were not shown.” Appellant would probably be correct if defendant had been the only person testifying in the case. He makes a strong case in his favor. However, Mr. Marable testified, inter alia, as follows:.
“Q. All right. Directing your attention to the bottom right hand corner of that same Check # 286, State’s Exhibit 1, do you see a name appearing thereon?
“A. Right.
“Q. Whose name is it?
“A. My name, Melvin Marable.
“Q. Is it your signature?
“A. No sir, it’s not.
“Q. Did you authorize anyone to sign that signature to that document?
“A. No sir, I did not.

“Q. And you state again to the Court you never authorized him to sign your signature to any checks?
“A. No sir, I did not.”
We are not convinced that the evidence is free of uncertainty and doubt as to whether defendant was authorized, or honestly believed that he was authorized, to sign Mr. *955 Marable’s name to the particular check upon which the indictment was based, as well as to other checks, but there was substantial evidence that defendant was not so authorized and that his utterance of the check upon which the prosecution herein is based was with intent to defraud.
The only other contention made by appellant, to the effect that the trial court erred in admitting in evidence other checks admittedly written by defendant and bearing the purported signature of Melvin Mar-able as drawer, was answered adversely to appellant in Bledsoe v. State, Ala.Cr.App., 409 So.2d 924 (1981), cert. denied, Ala. S.Ct. 81-239, as follows:
“A major contention of appellant is that the trial court erred in overruling defendant’s objections to the testimony of witnesses that during the same month of the commission of the alleged crime in the instant case, the defendant was in possession of and uttered three forged checks which purported to be checks of the same drawer and drawn on the same bank as the check in the instant case. To so hold would be in conflict with what has been held in many cases, including Preyer v. State, Ala.Cr.App., 369 So.2d 901 (1979); Christison v. State, 41 Ala.App. 192, 142 So.2d 666 (1960), aff’d 273 Ala. 564, 142 So.2d 676 (1962); Kirby v. State, 17 Ala. App. 151, 82 So. 641, cert. denied, 203 Ala. 473, 83 So. 416 (1919); and Williams v. State, 126 Ala. 50, 28 So. 632 (1900).”
Notwithstanding some concern on our part as to the weight of the testimony, there is no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.